## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ESTATE OF EARNEST LEE BOYLAND** et al, | ) ) ) | |
| | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  15-cv-01112 (TSC) |
| | ) ) | |
| **UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,** | ) ) ) | |
| Defendants. | ) ) ) | |

### MEMORANDUM OPINION

Plaintiffs are the estates of three Black farmers – Earnest Lee Boyland, David Shelton, Lee Sylvester Caldwell – and the Black Farmers and Agriculturalists Association, Inc.  They move, pursuant to Federal Rule of Civil Procedure 60(b)(6), for relief from this court's original judgment, granting Defendants EPIQ Class Action & Claims Solutions, Inc. (EPIQ), United States Department of Agriculture (USDA), United States Department of Agriculture Hispanic & Women Farmers and Ranchers Claims Administrator and United States Secretary of Agriculture Thomas J. Vilsack's motion to dismiss.  Plaintiffs have also moved for leave to file a reply out of time to opposition motions filed by Defendants EPIQ and USDA, and for an extension of time in which to file the reply out of time.  Plaintiffs' motion for leave to file a reply out of time to Defendants' opposition for relief from judgment, and their motion for an extension of time to file this motion were considered with Plaintiff's Rule 60(b)(6) motion and will therefore be

GRANTED.  For the reasons set forth below, Plaintiffs' motion for relief from judgment will be DENIED.

## I.      BACKGROUND[1]

Over twenty years ago, a group of Black farmers sued the USDA, alleging decades of racial discrimination in the administration of the USDA's farm loan and other benefit programs.  *See Pigford v. Glickman ("Pigford I")*, 185 F.R.D. 82 (D.D.C. 1999).  The federal government settled the case in 1999, entering into a consent decree that awarded over one billion dollars in compensation and relief to approximately 16,000 claimants.  *See In re Black Farmers Discrim. Litig. ("Pigford II")*, 856 F. Supp. 2d 1, 10-11 (D.D.C. 2011).  When 60,000 claimants sought compensation but were denied for untimely claims, Congress created a separate program for farmers time-barred from *Pigford I*, in which over 40,000 claimants filed claims.  *Id.* at 13.  This program was ultimately bundled into the *Pigford II* litigation, and the court approved an additional one billion dollars in payments to the time-barred farmers.  *See White v. Vilsack*, 80 F. Supp. 3d 123, 125 (D.D.C. 2015) (recounting *Pigford* history).  The *Pigford II* settlement, unlike *Pigford I*, was binding on all class members.  *Id.* at 126.

During this time, a series of lawsuits, each covering a different impacted class, were filed, including  *Love v. Veneman*, 224 F.R.D. 240 (D.D.C. 2004) (female farmers) and *Garcia v. Veneman*, 224 F.R.D. 8 (D.D.C. 2004) (Hispanic farmers).  The district court denied class certification in both suits.  In response, the USDA created a claims process specifically targeted

---

[1] This court's earlier decision lays out a more detailed background of the history of this litigation.  *See Estate of Boyland v. Young*, 242 F. Supp. 3d 24, 26-27 (D.D.C. 2017).

to Hispanic and female farmers, appointing Defendant EPIQ as claims administrator.  Plaintiffs'

Motion for Relief from Judgment at 7, ECF No. 32 ("Plaintiffs' Motion").

Plaintiff estates allege they were eligible for relief in *Pigford I* or *II* but failed to timely

submit claims.  Complaint at ¶¶ 66, 68, ECF No. 1.  Instead, they submitted claims to the fund

for Hispanic and female farmers, and their claims were denied.  Plaintiffs' Motion at 10.

Plaintiffs brought this case in 2015, alleging violations of Title VI of the Civil Rights Act of

1964, 42 U.S.C. § 2000d, and the Fifth Amendment of the U.S Constitution.  Defendant EPIQ

filed a motion to dismiss, which this court granted on March 16, 2017.  *Estate of Boyland v.*

*Young*, 242 F. Supp. 3d 24, 26-27 (D.D.C. 2017).  Plaintiffs appealed to the Court of Appeals for

the D.C. Circuit, which affirmed this court's judgment in *Estate of Boyland v. United States*

*Department of Agriculture*, 913 F.3d 117 (D.C. Cir. 2019).  The United States Supreme Court

denied certiorari on January 21, 2020.  140 S. Ct. 947.  Later that year, the United States

Supreme Court decided *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020), a Title VII case.

Subsequently, Plaintiffs, relying on *Bostock,* moved for relief from judgment.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) allows parties to seek relief from a court's final

judgment for several reasons, including discovery of new evidence, mistake or excusable neglect

in the original judgment, fraud, satisfaction of an original judgment or "any other reason that

justifies relief."  The decision to "grant or deny a [R]ule 60(b) motion is committed to the

discretion of the District Court."  *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984

F.2d 469, 476 (D.C. Cir. 1993).  Such relief "should be only sparingly used."  *Kramer v. Gates*,

481 F.3d 788, 792 (D.C. Cir. 2007).  In deciding Rule 60(b) motions, courts must balance the

"sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of all the facts." *Good Luck Nursing Home, Inc. v. Harris*, 636 F. 2d 572, 577 (D.C. Cir. 1980) (citations omitted).

Rule 60(b)(6) is a catch-all provision that is only appropriate in "extraordinary circumstances." *Kramer* 481 F.3d at 790 (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).  The party seeking Rule 60(b) relief bears the "heavy" burden of establishing that such circumstances exist.  *Gates v. Syrian Arab Republic*, 646 F.3d 1, 5 (D.C. Cir. 2011) (quoting *United States v. Western Elec. Co., Inc.*, 46 F.3d 1198, 1204 (D.C. Cir. 1995)).

### III.   ANALYSIS

Plaintiffs' motion claims two extraordinary circumstances: (1) the recent U.S. Supreme Court decision in *Bostock v. Clayton County*, and (2) a "special urgency . . . at a time when racial justice is at the forefront of our national discourse."  Plaintiffs' Motion at 13, 21.  Defendants argue that *Bostock* is wholly inapplicable as a substantive basis for relief from judgment, and that the prior disposition of this case on lack of standing precludes relief when there are no new circumstances altering Plaintiffs' standing to bring suit.  EPIQ Opp. at 6; USDA Opp at 4.  Neither *Bostock* nor the current cultural and political climate constitute sufficiently extraordinary circumstances to merit relief under Rule 60(b)(6).

There is no specific definition of "extraordinary circumstances", but the Supreme Court has found that such circumstances exist where they risk "injustice to the parties [or] undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quoting *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-864 (1988)).  Extraordinary circumstances have been found where "a previously undisclosed fact . . . shows

the initial judgment to have been manifestly unjust," *Good Luck Nursing Home*, 636 F.2d at 577;

where "an appeal, which was not taken, would have been successful," *Kramer*, 481 F.3d at 792

(citing *Ackermann*, 340 U.S. at 197–99); or, in rare cases, where there is an intervening

development in the law, *Agostini v. Felton*, 521 U.S. 203, 239 (1997).

Plaintiff contends that *Bostock* is such an intervening development in the law.  But a mere

change in a law's interpretation is not itself extraordinary.  *See, e.g.*, *Gonzalez*, 545 U.S. 524,

536-38 (post-judgment Supreme Court decision reinterpreting statute in question was not

extraordinary); *see also Martin v. Howard Univ.*, No. 99-1175, 2010 WL 11575604 at 2 (D.D.C.

Oct. 8, 2010), *aff'd* No. 10-7142, 2011 WL 2262489 (D.C. Cir. May 9, 2011) (summarily

affirming district court denial of Rule 60(b)(6) motion in Title VII case despite intervening

Supreme Court decision reinterpreting Title VII).  Intervening changes in the law must be truly

extraordinary, such as a change in precedent directly impacting an ongoing injunction, *see*

*Agostini*, 521 U.S. at 237, or a higher court reversing itself on a point salient to the original

decision within one year, *see Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir.

1985).

The Supreme Court's decision in *Bostock* was unrelated to the Black Farmer litigation and

this court's original decision and is not an "intervening development."  *Bostock* held that

employer discrimination against homosexual and transgender employees "because of . . . sex"

violates Title VII of the Civil Rights Act.  140 S. Ct. at 1753.  The Court's decision grappled

with the plain meaning of the term "sex," and its implications for Title VII liability, noting

"[w]hen the express terms of a statute give us one answer and extratextual considerations suggest

another, it's no contest.  Only the written word is the law."  *Id.* at 1737.  This court's original

decision was based on standing alone. *Estate of Boyland*, 242 F. Supp. 3d at 31. Neither

Plaintiffs' motion nor *Bostock's* opinion identify how its holding on Title VII's application and

the definition of "because of" affects this court's decision that Plaintiffs "fail to establish the

necessary elements of Article III standing." *Id*. Absent any such relation, Plaintiffs merely

rehash the same allegations brought in their original Complaint, with the addition of citation to

*Bostock* and caselaw comparing Title VII to Title VI. *Compare*, Complaint at ¶¶ 56

("Defendant's EPIQ actions have violated Title VI of the Civil Rights Act of 1964 as codified

under 42 U.S.C. §2000d") *with* Plaintiff's Motion at 17 ("Bostock thus has great import for

Plaintiffs' Title VI and other discrimination claims."). Plaintiffs' subsequent motions do not

change the analysis, as they present the same legal theories in the complaint and motion for relief

in the context of the American Rescue Plan of 2021, Pub. L. No. 117-22, 134 Stat. 414 (2021)

and a host of current associated lawsuits. *See* Plaintiff's Motion for Leave to File Reply out of

Time, ECF No. 37, Plaintiff's Motion for Ext. of Time to File Reply, ECF No. 40. In the court's

view, all fall short of the extraordinary circumstances required by Rule 60(b)(6). *See Lardner v.

FBI*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012) ("Re-litigating arguments or legal theories . . . do[es]

not qualify as an extraordinary circumstance.") (quotation omitted).

Finally, Plaintiffs' claim that the current cultural moment creates a "special urgency"

demanding relief is unavailing. Rule 60(b)(6) certainly requires an expansive consideration of

justice. *See Buck*, 137 S. Ct. at 777-78. It is meant to operate as a tool for courts, not a

limitation. *See Klapprott v. U.S.*, 335 U.S. 601, 614-615 (1949) (describing how Rule 60(b) is

meant to keep courts from being "hemmed in"). And the court is sympathetic to Plaintiffs'

plight. But they have not shown how the "wave of protests that have swept the nation . . .

illuminating the extent to which race and racism is still built into the fabric of the American experience" relate to the threshold issue of standing.  *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Accordingly, Plaintiffs' claims in this regard also do not serve as an extraordinary circumstance under Rule 60(b)(6).

The court concludes that Plaintiffs have failed to allege sufficient extraordinary circumstances meriting relief from its earlier judgment.  The court will GRANT Plaintiffs' motion to file a reply out of time to Defendants' opposition memoranda as well as Plaintiffs' motion for an extension of time to file the reply out of time, as they were considered together with Plaintiff's Rule 60(b)(6) motion.  The court will DENY Plaintiffs' motion for relief of judgment.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Relief from Judgment, ECF No. 32, will be DENIED.  Plaintiffs' Motion for Leave to File Reply out of Time, ECF No. 37, will be GRANTED.  Plaintiffs' Motion for Extension of Time to File a Reply, ECF No. 40, will be GRANTED.

Date:  September 30, 2021

*Tanya S. Chutkan*
TANYA S.  CHUTKAN
United States District Judge